UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CINDY PLASENCIA, <br><br> *Plaintiff*, <br> -against- <br><br> CITY OF NEW YORK DEPARTMENT OF EDUCATION, and MAUREEN FULLERTON, <br><br> *Defendants*. | 1:19-cv-11838 (ALC) <br><br> <u>OPINION</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Cindy Plasencia brings this pro se action against her former employer the New York City Department of Education ("DOE") and Principal Maureen Fullerton (collectively, "Defendants"). ECF No. 2, Compl. Plaintiff alleged a hostile work environment and wrongful termination pursuant to 29 U.S.C. §§ 621–634 (Age Discrimination in Employment Act, "ADEA"); 29 U.S.C. §§ 2601–2654 (Family Medical Leave Act, "FMLA"); and N.Y. Exec. Law §§ 290–297 (New York State Human Rights Law, "NYSHRL"). Defendants now move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim on each count. ECF No. 87. After careful review, Defendants' Motion, ECF No. 87, is **GRANTED**. Plaintiff's NYSHRL claims are **DISMISSED** with prejudice pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

## BACKGROUND

### I. Statement of Facts

Plaintiff was employed by the DOE as a para-professional from 2005 to 2018. Compl., at 3; ECF No. 89, Audrey Juarez Declaration, Exhibit A. Plaintiff worked at P168x@p160. *Id.* Plaintiff claims that because of her age (born 1975), her medical leave status, and her disability (depression) she was: (1) "harassed" by another teacher; (2) terminated on or about June 5, 2018;

1

and (3) a "problem code" was placed in her file. Compl. at 5. Plaintiff alleges she was subject to an adverse employment action when Defendants terminated her employment and harassed her or created a hostile work environment. *Id.* Plaintiff seeks to be reinstated, or to have the "problem code" removed from her file. *Id.* Plaintiff alleges that "[a]s a result I have not been able to be employed since June 5, 2018." *Id.* A teacher named "Mrs. Onco" allegedly yelled at her "during working hours very loud and aggressively in front of staff and kids." *Id.* Mrs. Onco "yelled quit get out of my class room [sic]." *Id.* It is unclear what Mrs. Onco's relationship to Plaintiff was, or the context for her alleged yelling.

Plaintiff asked "Assistant Principal Mrs. Austin" if Plaintiff "should go on a medical leave of absence and she reassured me that I was not going to get fire[d]." *Id.* Plaintiff does not allege that she took leave, nor that she requested and was denied leave.

## II.     Procedural History

On or about July 10, 2018, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC") against the New York City Department of Education ("DOE"). *Id.* at 6, 10. On January 29, 2019, the NYSDHR issued a No Probable Cause determination regarding Plaintiff's charge of discrimination after noting that the charge of age and disability discrimination was based on "mere belief and conclusory allegations," while the DOE provided documented and non-discriminatory reasons for any challenged actions. Juarez Decl., Ex. A., at 1, 4. On September 26, 2019, the EEOC issued a Dismissal and Notice of Rights, stating it had adopted the NYSDHR's No Probable Cause determination and closed Plaintiff's case. Compl. at 10.

*Pro se* Plaintiff filed her Complaint against her former employer DOE and Principal Maureen Fullerton on December 26, 2019. Compl. Plaintiff alleged a hostile work environment and wrongful termination pursuant the ADEA, FMLA, and NYSHRL. Defendants moved to dismiss on October 5, 2022. ECF No. 87. Plaintiff was granted multiple extensions of time to respond to Defendants' motion, and was warned that her failure to respond would result in Defendants' motion being deemed unopposed. ECF Nos. 110-111. Plaintiff did not file a response. The Court now considers Defendants' unopposed Motion to Dismiss.

## STANDARD OF REVIEW

### I. Federal Rules of Civil Procedure 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction under Fed R. Civ. P. 12(b)(1), "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citing *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)). Where jurisdictional facts are at issue, "'the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Id*. (citing *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)). But "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Id*. (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

### II. Federal Rules of Civil Procedure 12(b)(6)

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to

relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663.

Deciding whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79 (2009) (quoting *Twombly*, 550 U.S. at 570).

### III. *Pro Se* Litigant

*Pro se* litigants faced with motions to dismiss "must be held to less stringent standards than formal pleadings drafted by lawyers." *Ahmed v. GEO USA LLC*, No. 14-cv-7486, 2015 WL 1408895, at *2 (S.D.N.Y., Mar. 7, 2014). Practically speaking, "[c]ourts read the pleadings, briefs, and opposition papers of *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Carter v. Ponte*, No. 17-CV-1830 (VSB), 2018 WL 4680995 at *4 (S.D.N.Y. Sept. 28, 2018) (collecting cases). *Pro se* status, however, "does not exempt a party

from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citations omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that a *pro se* complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

### I. Plaintiff Has Not Filed a Notice of Claim Against the DOE.

A notice of claim against the DOE must be filed pursuant to New York Education Law § 3813(1). The standard still applies even if there is past or ongoing litigation. *Varsity Tr., Inc. v. Bd. of Educ. of City of NY.*, 5 N.Y.3d 532, 536 (2005) ("statutory requirements conditioning suit [against a government entity] must be strictly construed[.] This is true even where the Department had actual knowledge of the claim or failed to demonstrate actual prejudice.") (citations and internal quotation marks omitted). Because Plaintiff failed to file a notice of claim, her suit against the DOE must be dismissed. "The dismissal is granted without leave to amend, since it does not appear that Plaintiff can cure this deficiency." *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 368 (W.D.N.Y. 2010).

### II. Principal Fullerton Is Not Individually Liable Under the NYSHRL and the ADEA.

Plaintiff brings suit against Principal Fullerton. "To make out a claim against an individual defendant under the [NY]SHRL . . . , a plaintiff must either show direct, personal involvement in discriminatory conduct, or that the defendant 'aided and abetted' the discrimination or retaliation at issue, i.e., that the defendant 'encouraged, condoned or approved' it." *Zambrano-Lamhaouhi v. N.Y.C. Bd. of Educ.*, 866 F.Supp. 2d 147, 162–63 (E.D.N.Y. Nov. 21, 2011) (citation omitted). An individual defendant cannot be held personally liable under the

ADEA. *Wray v. Edward Blank Assocs., Inc.*, 924 F.Supp. 498, 503–04 (S.D.N.Y. 1996); *see also Leykis v. NYP Holdings, Inc.*, 899 F.Supp. 986, 991 (E.D.N.Y. 1995).

Plaintiff does not make any specific allegations against Principal Fullerton. Therefore, Plaintiff's NYSHRL and ADEA claims are dismissed against Defendant Fullerton.

### III. Since Plaintiff Filed a Complaint with the NYSDHR, the Court Lacks Jurisdiction to Hear Her NYSHRL Claims Under the Election of Remedies Doctrine.

Under the NYSHRL, New York State Executive Law § 297(9), a plaintiff is barred from bringing a claim of discrimination that was previously filed with the NYSDHR to court. Section 297's "election of remedies" limitation "operates to divest a federal court of jurisdiction to decide the claim." *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 74 n.3 (2d Cir. 2010). *See Vetro v. Hampton Bays Union Free Sch. Dist.*, 148 A.D.3d 963, 964 (2d Dep't 2017) (barring identical discrimination claims already brought before the NYSDHR); *Victoria Symotyuk-Knoll v. HealthEquity, Inc. & Wageworks, Inc.*, No. 21-CV-08348 (ALC), 2023 WL 5576405, at *3 (S.D.N.Y. Aug. 29, 2023) (same). An exception exists where the NYSDHR has dismissed a complaint "on the grounds of administrative convenience, . . . untimeliness, or . . . that the election of remedies is annulled." *Alvarado v. Mount Pleasant Cottage Sch. Dist.*, 404 F. Supp. 3d 763, 789 (S.D.N.Y. 2019) (quoting N.Y. Exec. Law § 297(9)).

It is Plaintiff's burden to establish subject matter jurisdiction. Here, Plaintiff filed discrimination claims with the NYSHRL and the EEOC, and both entities reached the same conclusion. *Id.* at 6, 10. On January 29, 2019, the NYSDHR issued a No Probable Cause determination on Plaintiff's charge of discrimination. Juarez Decl., Ex. A., at 1, 4. On September 26, 2019, the EEOC issued a Dismissal and Notice of Rights, stating it had adopted the NYSDHR's No Probable Cause determination and closed Plaintiff's case. Compl. at 10.

6

Plaintiff's NYSHRL claims are **DISMISSED** with prejudice pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

### IV. Plaintiff's Discrimination Claims Must Be Dismissed.

Plaintiff has alleged age discrimination under the ADEA and NYSHRL. The ADEA outlaws an employer from "discharge[ing] any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of discrimination under the NYSHRL or the ADEA, a plaintiff must show that: "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) (internal quotation marks and citation omitted). Plaintiff's Complaint must provide the "bits and pieces of information" necessary "to support an inference of discrimination, i.e., a mosaic of intentional discrimination[.]" *Id.* at 86 (internal quotation marks and citation omitted). "[A]bsent direct evidence of discrimination," the four-part test "must be plausibly supported by facts alleged in the complaint[.]" *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015). A Plaintiff must adequately allege that her protected characteristic "was a motivating factor in [Defendant's] decision to" terminate her. *Gong v. City Univ. of N.Y.*, 846 F. App'x 6, 8 (2d Cir. 2021).

NYSHRL discrimination claims are analyzed under the three-part burden shifting scheme the Supreme Court set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). *See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (stating that NYSHRL claims are governed by the *McDonnell Douglas* standard). Under *McDonnell Douglas*, the plaintiff bears an initial burden of "proving by the preponderance of the evidence a prima facie case of discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981). If a

plaintiff establishes a *prima facie* case of discrimination, a presumption of discrimination arises and the burden shifts to the defendant to offer a legitimate non-discriminatory reason for the adverse action. *Sharpe v. MCI Commc'ns Servs., Inc.*, 684 F.Supp.2d 394, 401 (S.D.N.Y. 2010) (citing *Stratton v. Dep't for the Aging*, 132 F.3d 869, 879 (2d Cir. 1997)). If the defendant is able to offer a legitimate basis for the decision, the plaintiff must then establish that the proffered nondiscriminatory reason was pretextual and that the defendant's act was at least partially motivated by discrimination. *Slattery v. Swiss Reins. Am. Corp.*, 248 F.3d 87, 93–94 (2d Cir. 2001).

      Here, Plaintiff appears to allege that she is a member of a protected class on the basis of age (born in 1975) under the ADEA and NYSHRL. Compl. at 5. She also states she suffered from depression at the relevant time period. *Id.* The Court declines to hear her NYSHRL claims due to lack of jurisdiction. For the purposes of this motion, the Court will accept the contention that Plaintiff suffered an adverse employment action when she was terminated from her job. Plaintiff has not plausibly alleged that she suffered other adverse employment actions. Plaintiff was approximately 43 at the time of her termination in 2018. The question is whether Plaintiff has presented the "bits and pieces of information" necessary "to support an inference of discrimination[.]" *Vega*, 801 F.3d at 86. The Complaint does not allege facts regarding the actual termination, nor what reasons Defendants gave Plaintiff for her termination.

      Plaintiff has not alleged that Defendants treated her differently from and less preferably than similarly-situated younger employees. "An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493–94 (2d Cir.

8

2010) (internal quotations omitted). Plaintiff has not pleaded facts to support she was treated differently than similarly-situated younger employees.

When examining the totality of the circumstances, Plaintiff has not shown that her termination was motivated by discrimination. As such, Plaintiff has failed to plead facts necessary to support her discrimination claims.

### V. Plaintiff Has Not Adequately Pleaded a Claim for FMLA Interference.

"[T]o prevail on a claim of interference with her FMLA rights, a plaintiff must establish: 1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016). A plaintiff must plead sufficient details about their FMLA leave. In *White v. Bridge Inc.*, the Court determined that:

> [B]ecause Plaintiff has not alleged when she attempted to take FMLA leave, how much of it she took, or whether at the time of her termination she was still eligible for FMLA leave, she has failed to allege sufficient facts to make it plausible that she was fired for attempting to exercise her rights under the FMLA.

No. 18-CV-1689 (AJN), 2019 U.S. Dist. LEXIS 168444 at *18 (S.D.N.Y. Sept. 30, 2019). FMLA interference claims must be brought within two years. 29 U.S.C. § 2617(c)(1).

Here, Plaintiff appears to allege she discussed taking leave: Plaintiff asked "Assistant Principal Mrs. Austin" if Plaintiff "should go on a medical leave of absence and she reassured me that I was not going to get fire[d]." Compl. at 5. There are no allegations in the Complaint that Plaintiff made leave requests, or that Defendants materially denied her leave requests. The FMLA interference claim is therefore dismissed.

### VI. Plaintiff's Hostile Work Environment Claim Must Be Dismissed.

9

To establish a hostile work environment claim under the ADEA, ADA and NYSHRL,[1] a plaintiff must show "[1] that the harassment was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' and [2] that a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997)). "A plaintiff must also plausibly allege 'that the hostile work environment was caused by animus towards her as a result of [her] membership in a protected class.'" *Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, No. 21-CV-695 (KMK), 2023 WL 2691622, at *26 (S.D.N.Y. Mar. 29, 2023) (quoting *Bermudez v. City of N.Y.*, 783 F. Supp. 2d 560, 573 (S.D.N.Y. 2011)) (citation omitted). "[I]t is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through other means, is actionable ... only when it occurs because of an employee's protected characteristic, such as race or gender." *Id.* (citation omitted).

"This standard has both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Raspardo v. Carlone*, 770 F.3d 97, 114 (2d Cir. 2014) (citing *Harris v. Forklift Syss., Inc.*, 510 U.S. 17, 21–22 (1993)). "[T]he fact that the law requires harassment to be severe or pervasive before it can be actionable does not mean that employers are free from liability in all but the most egregious of cases." *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 70 (2d Cir. 2000). At this

---

[1] "Hostile work environment claims under both Title VII and the NYSHRL are governed by the same standard." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123–24 (2d Cir. 2013). On October 11, 2019, the NYSHRL was amended to eliminate the "severe and pervasive" standard. N.Y. Exec. Law § 300. "However, the amendment to the NYSHRL is not retroactive, meaning that the "severe and pervasive" standard applies to claims arising from conduct predating the effective date of the amendments." *Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*, No. 21-CV-02512 (CM), 2022 WL 524551, at *9 (S.D.N.Y. Feb. 22, 2022)

stage, Plaintiff need not prove a prima facie case of hostile work environment. She need only make "a short and plain statement of the claim that shows that [she is] entitled to relief and that gives the defendant fair notice of [her] claim or hostile work environment and the grounds upon which that claim rests." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 241 (2d Cir. 2007). Even so, a plaintiff alleging a hostile work environment must bring forth more than a mere scintilla of evidence to survive a motion to dismiss.

The Court construes Plaintiff's hostile work environment claim to be premised on the same facts as her age and disability discrimination claims. Plaintiff provides only conclusory allegations of a hostile work environment. At the threshold, Plaintiff has not alleged that Defendants subjected her to "objectionable conduct." In her Complaint, Plaintiff alleges a teacher named "Mrs. Onco" "yelled quit get out of my class room [sic]." Compl. at 5. It is unclear what Mrs. Onco's relationship to Plaintiff was, the context for her alleged yelling, or allegations that Mrs. Onco's actions were due to Plaintiffs age and/or disability. Defendants' conduct did not rise to the level of severity or pervasiveness "that a reasonable person would find it hostile or abusive." *Raspardo*, 770 F.3d at 114. The Complaint also alleges that Plaintiff was "harassed" by another teacher. Compl. at 5. It is unclear if this allegation pertains to Mrs. Onco's conduct, or another teacher altogether. In any case, Plaintiff has not provided sufficient details to support this allegation.

Because Plaintiff's apparent allegation that she was mistreated due to her age and/or disability is unsubstantiated, Plaintiff has not alleged a severe or pervasive hostile work environment. Therefore, Plaintiff's hostile work environment claim must be dismissed.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 87, is **GRANTED**. Plaintiff's NYSHRL claims are **DISMISSED** with prejudice pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

Rule 15(a)(2) states "the court should freely give leave [to amend] when justice so requires." The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, it is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Fife Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (citing *Foman*, 371 U.S. at 178).

Because Plaintiff fails to plead adequate facts to support her claims, the Court will afford Plaintiff the opportunity to amend her Complaint to attempt to cure its deficiencies. Plaintiff may file her Amended Complaint on or before **October 12, 2023**.

**SO ORDERED.**

**Dated: September 21, 2023**
   New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**